Carl W. Hampe (DC Bar # 440475)
Daniel P. Pierce (DC Bar # 988836)
Fragomen, Del Rey, Bernsen & Loewy, LLP
1101 15th St. NW, Suite 700
Washington, DC 20005
Phone (202) 223-5515
Fax (202) 371-2898
champe@fragomen.com
dpierce@fragomen.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Olena Zynovieva** ) <br> Dubai Marina, Park Island ) <br> Bonaire Tower, Apt.102 ) <br> Dubai UAE ) <br> ) <br> **Plaintiff,** ) <br> v. ) <br> ) <br> ) <br> ) <br> **U.S. Department of State** ) <br> 2201 C St. NW ) <br> Washington, DC 20520 ) <br> ) <br> **Defendant.** ) | Civil No.  19-3445 |

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Olena Zynovieva**,** by and through undersigned counsel, hereby alleges as follows:

1. This Complaint seeks injunctive and other appropriate relief under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  Specifically, Plaintiff seeks to compel the Department of State (the "State Department" or "Defendant") to comply with its obligations under FOIA to release agency records relating to her immigration matters that Plaintiff has requested and that Defendant has improperly withheld.

1

## PARTIES

2. Plaintiff Olena Zynovieva is a citizen of Ukraine who resides in Dubai, United Arab Emirates.

3. Defendant U.S. State Department is an executive department bearing responsibility for (i) the administration and enforcement of U.S. immigration laws, (ii) the processing of certain visa requests, including those made by Plaintiff, and (iii) the maintenance of records relating to, *inter alia*, such visa requests. Defendant is an "agency" for purposes of 5 U.S.C. § 552(f)(1) and has possession, custody, and/or control of records that Plaintiff seeks.

## JURISDICTION AND VENUE

4. The Court has both subject matter jurisdiction and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). Subject matter jurisdiction further lies under 28 U.S.C. § 1331 because this Matter presents a question of federal law.

5. Venue properly lies in this judicial district under 5 U.S.C. § 552(a)(4)(B) because of the nature of this Matter and under 28 U.S.C. § 1391(e) because Defendants are agencies of the federal Executive Branch.

## PLAINTIFF'S FOIA REQUEST AND DEFENDANT'S FAILURES TO RESPOND

6. On August 13, 2019, Plaintiff, through counsel, filed a FOIA request with the State Department seeking documents relating to her in the State Department's possession, custody, or control.

7. By letter dated August 16, 2019, Defendant State Department confirmed submission of Plaintiff's FOIA request and provided tracking number F-2019-08855.

8.      Having heard no further news, on October 21, 2019, counsel to Plaintiff sent an email to the State Department to follow-up on the status of the FOIA request.  To date, Defendant has not provided a response to that email.

9.      On October 24, 2019, counsel to Plaintiff called the telephone number on the State Department's August letter to follow-up on the status of Plaintiff's request.  Counsel was told that no information had been placed in the system regarding the timing for response to Plaintiff's request, but that the request had been deemed "complex."  Counsel was further told that no additional information regarding the status of the FOIA request that could be provided.

10.     On information and belief, Defendant lacks any reason to treat Plaintiff's request as "complex," since she simply requests information that Defendant maintains relating to her and her discrete number of attempts to procure a U.S. visa.

11.     On information and belief, the documents responsive to Plaintiff's request are not voluminous.

12.     On information and belief, no consultations with other agencies are required to provide Plaintiff a response to her FOIA request.

13.     On information and belief, Plaintiff's request does not encompass any classified materials.

## DEFENDANT STATE DEPARTMENT'S FAILURE TO COMPLY WITH FOIA

14.     To date, Defendant has not provided the records requested by Plaintiff in her FOIA request, notwithstanding FOIA's requirement that an agency to respond within 20 working days. *See* 5 U.S.C. § 552(a)(6)(A)(i).

15. Defendant has not provided the Plaintiff with any information as to why her FOIA request was placed on the complex track, when Plaintiff can expect the documents she requested, or what justifies the continued delay.

16. Defendant has not contacted Plaintiff to inform her of any delay in processing her request or of any unusual circumstances that the State Department may have encountered in processing her request.

17. More than 90 days have passed since Defendant received Plaintiff's FOIA request. Defendants have well exceeded their statutory 20-business-day response deadline, which passed on September 13, 2019. Defendant State Department has nevertheless not made any substantive response or production of documents regarding Plaintiff's FOIA request.

18. Defendant State Department has wrongfully withheld the requested records from Plaintiff.

## CLAIMS FOR RELIEF

**FIRST CAUSE OF ACTION – VIOLATION OF FOIA FOR FAILURE TO COMPLY WITH STATUTORY DEADLINES**

19. The allegations contained in the preceding paragraphs are repeated and incorporated as though fully set forth herein.

20. Defendant is an agency subject to FOIA. *See* 5 U.S.C. §§ 551(1), 552(f)(1).

21. Plaintiff has sought records that are within Defendant's possession, custody, and/or control for purposes of FOIA.

22. Defendant failed to make a timely determination regarding Plaintiff's initial request within the statutory timeframe. *See* 5 U.S.C. § 552(a)(6)(A).

23. Plaintiff is deemed to have exhausted applicable administrative remedies with respect to her request under the terms of the FOIA statute. *See* 5 U.S.C. § 552(a)(6)(C)(i).

## SECOND CAUSE OF ACTION – IMPROPER WITHHOLDING OF AGENCY RECORDS UNDER FOIA

24. The allegations contained in the above-entitled paragraphs are repeated and incorporated as though fully set forth herein.

25. Defendant is an agency subject to FOIA. *See* 5 U.S.C. §§ 551(1), 552(f)(1).

26. Plaintiff has sought records that are within Defendant's possession, custody, and/or control for purposes of FOIA.

27. Defendant has failed to provide proper access to or copies of records responsive to Plaintiff's request in violation of FOIA. *See* 5 U.S.C. § 552(a)(3).

28. Plaintiff is deemed to have exhausted applicable administrative remedies with respect to her request under the terms of the FOIA statute. *See* 5 U.S.C. § 552(a)(6)(C)(i).

## PRAYER FOR RELIEF

Plaintiffs hereby pray for relief as follows:

1. That the Court order Defendant to disclose all records or portions thereof to which Plaintiff is entitled under FOIA;

2. That the Court issue a declaration stating that Plaintiff is entitled to disclosure of the requested records;

3. That the Court award Plaintiff's reasonable attorneys' fees and costs incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

4. That the Court provide further relief as it deems appropriate, just, and equitable.

DATED November 15, 2019                                        Respectfully submitted,

/s/ Carl W. Hampe

Carl W. Hampe (DC Bar # 440475)
Daniel P. Pierce (DC Bar # 988836)
Fragomen, Del Rey, Bernsen & Loewy LLP
1101 15th St. NW Suite 700
Washington, DC  20005
Phone  (202) 223-5515
Fax     (202) 371-2898
champe@fragomen.com
dpierce@fragomen.com

*Attorneys for Plaintiff*